■ WILLIAM RAVENAL, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— In an action by the beneficiary of a life insurance policy to recover thereon, in which action the defendant insurer counterclaimed for rescission on the ground that the insured had falsely represented certain facts as to her health and medical history in the application for the policy, defendant appeals from (1) an order of the Supreme Court, Kings County, dated October 15, 1971, which inter alia directed defendant to produce records prior to its examination before trial, and (2) an order of the same court, dated January 4, 1972, which treated defendant's motion for reargument as one to resettle the October 15, 1971 order, denied the motion and directed defendant to comply with the October 15, 1971 order. Order of October 15, 1971 modified by striking the second decretal paragraph thereof in its entirety and by amending the third decretal paragraph thereof by adding thereto a provision

that defendant shall be examined as to its methods of filing, organizing and indexing its insurance policy applications submitted during the relevant three-year period. As so modified, said order is affirmed, without costs. Order of January 4, 1972 affirmed, without costs. In our opinion, the soundest method of proceeding in this case is to conduct the examination before trial before any discovery and inspection of defendant's records. At the examination, plaintiff should inquire into defendant's methods of organizing and indexing the records in question in order to clarify this situation. If it is ascertained during the examination that applications for insurance are indexed by defendant according to applicants' medical histories, or that those applications in which the applicants had medical histories of hypertension are otherwise readily available, plaintiff should move for further relief by means of discovery and inspection of such pertinent records. If the applications submitted to defendant during the relevant three-year period are not so indexed or organized or are not otherwise readily available, plaintiff should move for further relief by means of discovery and inspection of all the applications submitted to defendant during the relevant three-year period. In such case, plaintiff should bear the burden of inspecting the relevant records and culling from them the information he seeks for the preparation of his case. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.